[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This is an action for mandamus by plaintiff filed January 2, 1996 to obtain the issuance of a package store permit for 600 Main Street, Monroe. On January 12, 1995, in accordance with a memorandum of decision by the defendant Commission (LCC), plaintiff's application was granted pursuant to its decision of January 5, 1995. The premises were in a DB#1 Zone which CT Page 1374-R excluded package stores but they were a non-conforming use prior to the adoption of zoning in Monroe. The premises were previously occupied by one Loulis under a package store permit but he had been evicted by the landlord and had applied to remove to another location. The Town of Monroe opposed Loulis' application to remove but the defendant granted his application to remove to another site within the DB#1 Zone.
The Town of Monroe indicated on plaintiff's application its zoning approval.
Defendant filed its answer for both defendants dated January 29, 1996 (LCC and Langlais) which in effect is a denial of plaintiff's complaint except for a few perfunctory admissions of uncontroverted facts.
Under G.S. § 30-14 a package store permit is a purelypersonal privilege "good for one year" after issuance. Under § 30-39(a) an application for permit must furnish the "location . . . of place of business which is to be operated under such permit. . ." (Plaintiff's complaint refers to § 30-2. This appears to be an inappropriate statutory reference; nevertheless such reference has no significant bearing on the case.) Section30-52 requires a permit to "specify . . . the particular . . . place in which such liquor shall be sold, and shall not authorize any sale in any other place or building."
A petition to reopen and rehear plaintiff's application was filed by Loulis and heard on January 31, 1995. His motion was denied. He then sought a stay but this was denied too.
Since March, 1995, plaintiff has made repeated requests to the defendant Commission to issue the permit to him awarded by their decision. Loulis took an appeal from the defendant Commission's decision in plaintiff's case which is pending. No stay has been entered of the defendant's decision. Loulis does not claim any benefit from § 30-39(d). He does assert, however, that the court in a mandamus action cannot question the validity of the defendant Commission's regulations or procedures; nor can it question whether it was reasonable for Loulis to refuse to surrender his permit for 600 Main Street. In other words Loulis seeks to have the court allow him to refuse to surrender his permit for 600 Main Street after his eviction and continuing up to the present time even after his former permit expired on July 10, 1995, and then use his violation of the law for failing to CT Page 1374-S surrender his permit as a means of preventing the court from refusing recognition of such conduct by Loulis for what it is as a reason to deny a permit to plaintiff for premises in which Loulis lost his right to possess or occupy after May 1, 1995.
This brings into serious question the bases on which the defendant Commission seeks to justify its refusal to issue the new permit to plaintiff. Defendant Commission's regulations § 30-6-A6 seems to be the source of its claim of power to act as it has, notwithstanding that it issued its decision on plaintiff's application by granting it without any conditions.
The cited Regulation reads as follows in relevant portions; (See Exhibit H):
 "A permit shall be returned immediately (to Defendant Commission) upon. . . (2) discontinuance of business for any reason for more then 3 weeks, . . . A permit returned to the (defendant Commission) under subsection (2) shall be considered under voluntary suspension. A permit may be renewed while it is under voluntary suspension (once). Upon request by the permittee or backer in good standing, the (defendant Commission) shall reinstate the permit. . ." (emphasis added)
The fact is that Loulis, in violation of law, has never surrendered his old permit for 600 Main Street. There is no doubt he has no right to repossess that property or to operate there as he had prior to May 1, 1995. For the defendant Commission to consider that Loulis' permit lies hovering, as it were, like a vaporous cloud in the atmosphere about 600 Main Street is indeed bizarre and totally unrealistic and in itself cannot serve as an obstacle to prevent a mandamus writ against defendant Commission. Furthermore, the defendant Commission's attempt to create a category known as "voluntary suspension" does not seem to have any statutory support. While the defendant Commission has broad discretion in enacting Regulations, it cannot create or legislate additional basic rights not sanctioned or authorized by the Liquor Control Act. The concept of allowing reinstatement of a suspended permit may be justified during the one-year period of its existence but not thereafter except to the extent permitted by § 30-39(d) which allows a renewal (not a reinstatement) of the expired permit. This would of course require a new application. On the facts presented to the court, there is no possibility, let alone CT Page 1374-T probability, that Loulis could ever obtain a renewed permit for 600 Main Street because the premises are leased to plaintiff and Loulis was evicted on May 1, 1955. The only right available to Loulis is the right to move to a new location. His attempt to withhold return of his permit to defendant Commission is illegal and can serve no purpose in his behalf in this action. It is unjustified and inexcusable.
On January 24, 1996, Loulis' counsel appeared and presented his client's claims with reference to this mandamus action. In a brief filed for Loulis, he appears to rely heavily on two reasons advanced by defendant Commission for failing to issue a permit to plaintiff "even though it previously approved his permit application for 600 Main Street." Loulis asserts both reasons are valid and the court will consider them.
(1) First, no permit, says defendant Commission, can be issued to plaintiff until the existing permit held by Loulis for 600 Main Street is surrendered and cancelled. Loulis concedes a liquor permit is personal and not alienable. He also claims that the defendant Commission's regulations, § 30-6a, give it broad supervisory and disciplinary powers. Under these supervisory powers, a permit must be returned immediately to the defendant Commission if the premises are closed for more than three weeks or the business is discontinued for any reason for more than three weeks. When thus returned for the latter reason, the permit may be reinstated because it is considered to be under "voluntary suspension." While thus suspended, a permit may be reinstated once, and the defendant Commission on request shall reinstate the permit. Reg. § 30-6-A6. Exhibit 3, a photostat, offered by defendant Commission shows Loulis' permit was issued July 11, 1994, and expired July 10, 1995. He was evicted from the premises at 600 Main Street on May 1, 1995, and closed his business that same day. It is quite obvious that he had no right of occupancy for that address after May 1, 1995. It appears from defendant Commission's Exhibit 3 that it was filed with defendant on June 21, 1995 with an application forrenewal for 600 Main Street. In the upper left hand corner of the permit itself is written "Vol. Susp. 7/22/94." This of course would bring such "voluntary suspension" to a date after
the expiration of the permit, assuming the written notation was official.
The court can find nothing in the Liquor Control Act which allows the defendant Commission by Regulation to extend the life CT Page 1374-U of a liquor permit beyond the one year specified in § 30-14. Ifreinstatement of a suspended permit extends beyond the one year limit, the defendant Commission can only act on a renewal for a new permit. Section 30-37(e), and Loulis can never obtain arenewal for 600 Main Street nor a reinstatement.
Loulis attempts to import into this case zoning questions which are not determinative of this decision. It is pure fiction as well as a legal violation for defendant Commission to use Loulis' refusal to return his original permit within three weeks of May 1, 1995. The fact of the matter is the Commission approved plaintiff's application and granted the permit to plaintiff for 600 Main Street without any conditions attached. The court can only ignore the concept of a permit existing in limbo for premises at 600 Main Street when it is obvious that Loulis can never return to that location either by renewal or reinstatement. To allow this concept to be a valid objection to the granting of mandamus here would be sanctioning an unreality. The plaintiff's application has been endorsed by the Town of Monroe for zoning compliance and the defendant Commission acted on that endorsement. If there is a valid zoning dispute, it must be resolved elsewhere, not in this mandamus case on the basis of the evidence submitted to the court. Attorney Fuller, his counsel, has submitted a fine brief but unfortunately the court cannot agree with its legal conclusions.
In this case the defendant Commission heard the evidence on plaintiff's application, exercised its discretion and granted his application without conditions or reservations. The court finds under these circumstances plaintiff has established a clear legal right to the implementation of the defendant Commission's decision by the issuance of plaintiff's package store permit for 600 Main Street. Plaintiff has made frequent demand for such issuance but the Commission has failed to act. Having decided the matter in plaintiff's favor, the Commission had the mandatory duty to perform the ministerial act of issuing the permit in accordance with its decision.
There is no adequate legal remedy other than mandamus against the defendants to require them to issue the permit for which plaintiff applied and which the Commission granted. Mandamus is issued against the Liquor Control Commission and its director requiring the LCC to issue to plaintiff the permit they approved in January, 1995, for 600 Main Street, Monroe. CT Page 1374-V BY THE COURT
GEORGE A. SADEN STATE TRIAL REFEREE
[EDITORS' NOTE: THE CASE THAT PREVIOUSLY APPEARED ON THIS PAGE HAS BEEN MOVED TO CONN. SUP. PUBLISHED OPINIONS.] CT Page 1377